UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZAFAR IQBAL,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO, BRUCE SCOTT, KRISTI NOEM, PAMELA BONDI, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | Case No. 2:26-cv-00171-TMC<br><br>ORDER STAYING MOTION FOR ATTORNEY'S FEES |

## I. ORDER

Before the Court is Petitioner's pending motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. 14. For the reasons below, the Court exercises its inherent authority to STAY consideration of the motion pending the U.S. Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223, which will be argued on January 11, 2027.

The question presented in *Montoya Palacios* is whether the "any civil action" language found in EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration

detention. This question is potentially dispositive of the pending motion and could impact Petitioner's ability to collect a fee award even if the pending motion is granted now.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–864 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–864.

Considering the potentially dispositive nature of *Montoya Palacios* and the number of EAJA fee petitions arising from habeas actions pending before the Court, the Court concludes that judicial economy supports a stay of those motions until the Supreme Court issues its decision. Staying these motions will save significant judicial resources that would otherwise be spent on fee orders that may be appealed or stayed pending *Montoya Palacios* even if granted.

## II. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The fee motion pending at Dkt. 14 is STAYED pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223.
2. The Clerk is directed to terminate the motion during the stay.

3. The parties shall submit a status report within 14 days of the Supreme Court's decision informing the Court whether additional briefing is necessary.

4. Upon receipt of the status report, the Court will renew the pending motion.

Dated this 23rd day of November, 2026.

Tiffany M. Cartwright
United States District Judge